UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>HIGH VOLTAGE ENGINEERING CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 04-11586 (JNF)<br>(Jointly Administered) |

**FINAL ORDER PURSUANT TO SECTIONS 105, 362, 363 AND 364 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 AND MLBR 4001-2 (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN ISSUANCE AND RENEWAL OF LETTERS OF CREDIT IN THE ORDINARY COURSE OF BUSINESS, (B) FUND A CASH COLLATERAL ACCOUNT AND GRANT LIENS THEREON TO ISSUER, AND (C) ENTER INTO AGREEMENTS FOR THE ISSUANCE OR RENEWAL OF LETTERS OF CREDIT, AND (II) MODIFYING THE AUTOMATIC STAY**

This matter is before the Court pursuant to a motion (the "Motion") filed by High Voltage Engineering Corporation ("HVE") and certain of its affiliated subsidiaries, debtors and debtors-in-possession herein (collectively, the "Debtors"). The Debtors' Motion requests entry of an order pursuant to sections 105, 362, 363 and 364 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of this Court (the "MLBR"): (I) authorizing the Debtors to (A) obtain the issuance and renewal of letters of credit from Citizens Bank of Massachusetts ("Citizens") in the ordinary course of business, (B) fund a cash collateral account and grant liens thereon to Citizens to the extent necessary to secure new and renewed letters of credit and recognize the continuing lien of Citizens on the cash collateral account to secure existing letters of credit, and (C) enter into standard form agreements with Citizens regarding the issuance and renewal of letters of credit; and (II) modifying the automatic stay.

After notice of the Motion having been given to parties on the Master Service List including, but not limited to, counsel for the Official Committee of Unsecured Creditors appointed herein, the Debtors' post-petition lenders, the Debtors' pre-petition lenders, and the Office of the United States Trustee; and such notice being sufficient notice under the circumstances; an interim hearing on the Debtors' Motion having been held on April 8, 2004 (the "Interim Hearing") and a final hearing having been held on April 20, 2004 (the "Final Hearing"); and this Court having entered an interim order on April 8, 2004 (the "Interim Order") granting in part on an interim basis the relief requested in the Motion; and upon the entire record made at the Interim Hearing and Final Hearing; and good cause appearing therefor;

IT IS HEREBY FOUND AND CONCLUDED that:

A. On March 1, 2004 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code (separately and collectively, the "Bankruptcy Cases"). The Bankruptcy Cases are jointly administered under the above-stated caption and case number. The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. This Court has jurisdiction over the Bankruptcy Cases and the Motion pursuant to 28 U.S.C. §§157(b) and 1334. The Motion is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C. Prior to the Petition Date, HVEC and Citizens entered into that certain Continuing Agreement for Letters of Credit dated May 17, 2002 (the "L/C Agreement) and that certain Pledge and Security Agreement dated May 17, 2002 (the "Pledge Agreement"). Under the Pledge Agreement, Citizens established a blocked deposit account (the "Account") and HVE pledged the Account, and any cash balances from time to time credited to the Account and any

and all proceeds thereof, whether now or hereinafter existing or arising (the "Account Collateral"), to secure the payment and performance of all indebtedness and liabilities whatsoever of HVE to Citizens, including reimbursement for drawn letters of credit. Under the L/C Agreement, Citizens, in its sole discretion, may issue letters of credit as requested by HVE on the terms and conditions set forth in the L/C Agreement.

        D.     As of the Petition Date, there were 14 letters of credit outstanding that had been issued by Citizens on behalf of the Debtors in the aggregate amount of $3,138,793 and, as of February 28, 2004, Citizens was holding in the Account $3,265,011.81.

        E.     Based on the record before this Court, the Court finds that, under the circumstances and the relief requested in the Motion, sufficient notice has been given pursuant to sections 102(1) and 364(c) of the Bankruptcy Code, and Bankruptcy Rules 2002 and 4001(c).

        F.     Based on the record before this Court, it appears that the L/C Agreement and the Pledge Agreement were negotiated in good faith and at arms-length between the Debtors and Citizens; and any letters of credit issued or renewed pursuant to the L/C Agreement will be deemed (and are found) to have been issued or renewed, as the case may be, in good faith as required by, and within the meaning of, section 364(e) of the Bankruptcy Code. Consequently, Citizens is entitled to the protections of section 364(e) of the Bankruptcy Code.

        G.     This Court concludes that entry of this Final Order is in the best interests of the Debtors' estates and creditors because its implementation, among other things, will make available to the Debtors the issuance and renewal of letters of credit which are necessary to sustain the operations of the Debtors' existing businesses and enhance the Debtors' prospects for successful reorganization.

GSDOCS-1343480-4

H. Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes legal conclusions.

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Interim Hearing, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED that:

1. The Motion is granted, subject to the terms and conditions set forth in this Final Order. Objections, if any, to the entry of this Final Order either have been resolved as stated on the record at the Interim Hearing and Final Hearing, or shall be, and hereby are, overruled.

2. The Debtors are expressly authorized and empowered to obtain the renewal of letters of credit, and the issuance of up to $750,000 of new letters of credit (inclusive of the $250,000 authorized in the Interim Order), from Citizens, such that the aggregate amount of letters of credit outstanding shall not exceed $3,888,793 (the "L/C Cap" and the obligations of the Debtors to Citizens with respect to any issued and outstanding or drawn letters of credit under the Pledge Agreement and L/C Agreement shall hereinafter be collectively referred to as the "Letter of Credit Obligations"), and to fund the Account in accordance with the terms of the L/C Agreement and the Pledge Agreement; provided, however, that, without the consent of the Debtors' post-petition lenders or further order of the Court, the Debtors may not have on deposit in the Account (a) with respect to letters of credit issued in United States currency, more than 105% of the aggregate face value of such letters of credit, and (b) with respect to letters of credit issued in foreign currency, more than 110% of the aggregate face value of such letters of credit, and provided further that the Debtors are hereby authorized to obtain the issuance of new letters

of credit in excess of the L/C Cap and to fund the Account accordingly (subject to the percentage limitations above) without further order of the Court provided the Debtors first obtain the written consent of the Official Committee of Unsecured Creditors and the Debtors' post-petition lenders. Citizens is expressly authorized to honor draws on letters of credit issued pursuant to the L/C Agreement or other agreements with the Debtors, and the automatic stay of section 362 of the Bankruptcy Code is hereby modified to allow Citizens, to the extent permitted under the L/C Agreement and the Pledge Agreement, to satisfy and pay any reimbursement claim arising from a draw on a letter of credit; provided, however, that Citizens shall provide copies of all invoices on account of attorneys' fees and expenses for which Citizens seeks reimbursement to counsel to Debtors, counsel to the Official Committee of Unsecured Creditors and counsel to the Debtors' post-petition lenders, and, if any such party objects to the payment of such fees within ten (10) days of such party's receipt of such invoices, then Citizens shall not be entitled to payment from the Account Collateral on account of such fees absent authorization from this Court.

3. As security for the Letter of Credit Obligations, and as provided in the Pledge and Security Agreement, and pursuant to Sections 364(c)(2) of the Bankruptcy Code, Citizens shall have and is hereby granted a first priority, valid, perfected, and enforceable security interest and lien on the Account Collateral.

4. The Debtors are authorized to perform all acts, and execute and comply with the terms of such other documents, instruments, and agreements, in addition to the L/C Agreement and the Pledge Agreement, that Citizens reasonably may require as evidence of and for the protection of the Letter of Credit Obligations. The Debtors and Citizens are hereby authorized to implement, in accordance with the terms of the L/C Agreement and without further

GSDOCS-1343480-4

order of this Court, any written modifications of the L/C Agreement or the Pledge Agreement that are not material.

5.  Based on the record presented, this Court has found that Citizens is extending credit and will be issuing or renewing letters of credit in good faith. Accordingly, Citizens is entitled to the full protection of section 364(e) of the Bankruptcy Code with respect to the Letter of Credit Obligations and the lien and security interest authorized, created, and adjudicated by the Interim Order and this Final Order (collectively, the "Orders") if such Orders or any finding, authorization, or adjudication contained therein or herein is vacated, reversed, or modified on appeal. Any modification, reversal, or vacation of the Orders (by this or any other court) shall not affect the validity and enforceability of the Letter of Credit Obligations of the Debtors to Citizens incurred pursuant to the Orders, or the validity, priority, and enforceability of the lien and security interest under the Orders.

6.  The provisions of this Final Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any plan of reorganization in the Bankruptcy Cases; (b) converting any of the Bankruptcy Cases to a Chapter 7 case; or (c) dismissing any of the Bankruptcy Cases.

7.  The provisions of this Final Order shall be binding upon and inure to the benefit of Citizens, the Debtors, and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Bankruptcy Cases as a legal representative of the Debtors or their estates.

8. The Court has and will retain jurisdiction to enforce this Final Order according to its terms.

IT IS SO ORDERED.

Dated:    April 20, 2004

_____
Hon. Joan N. Feeney
United States Bankruptcy Judge

-7-

GSDOCS-1343480-4